Kaye, J.
(concurring). I concur in the result reached today *531 and in the court’s opinion, except insofar as the court decides the case under the Federal Constitution. In my view the case is correctly resolved under the State Constitution alone.
Issues involving free expression have long been viewed as matters peculiarly implicating local concerns and local standards (see, e.g., People v P. J. Video, 68 NY2d 296, 308; People ex rel. Arcara v Cloud Books, 68 NY2d 553, 557). As the opinion acknowledges, the language of article I, § 8 of our State Constitution is materially different — more expansive— than the First Amendment; article I, § 8 has a longer, independent history; and we have maintained a consistent tradition in this State of providing the broadest possible protection to "the sensitive role of gathering and disseminating news of public events.” (Matter of Beach v Shanley, 62 NY2d 241, 256 [Wachtler, J., concurring].) I therefore cannot understand — or join — the decision to premise the qualified privilege we now adopt on the Federal Constitution in addition to the State Constitution. The fact that Federal law remains unsettled (see, majority opn, at 528) leads me particularly to question why we would deliberately choose to surround our new privilege with any of the uncertainty that presently accompanies the Federal law, when we could very respectably resolve the issue with clarity and finality for the citizens of this State under the State Constitution.
The court offers two answers: that we decide the issue under both Constitutions because we have used that methodology before, and because it accords with our proper role in the Federal system (majority opn, at 524-525). But neither answer is satisfactory here. First, in resolving issues raised under parallel provisions of the State and Federal Constitutions, this court has not been wedded to any particular methodology. Depending on the matter at issue, we have decided parallel constitutional questions under the State Constitution alone (see, e.g., Rivers v Katz, 67 NY2d 485, 498) and under both (see, e.g., People v Stith, 69 NY2d 313, 316, n). The issue before us is strikingly appropriate for disposition under the State Constitution without the additional overlay of the First Amendment: this court balances the interests of the press against the State statutory rights of New York litigants seeking particular materials in discovery, and adopts a solution that best accommodates the interests of both. Second, in resolving the question solely as a matter of State law, we still might look to Federal precedents as well as those of other States, and by our decision help to expound Federal law and furnish guidance for *532 sister States. We thereby do fulfill our proper role in the Federal system, which is first and foremost to settle issues as definitively as possible for the people of this State.